IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 4, 2019

**STATE OF TENNESSEE v. BOBBY LEWIS PARKS**

**Appeal from the Circuit Court for Madison County**
**No. 17-286    Donald H. Allen, Judge**

————————————————————

**No. W2018-01752-CCA-R3-CD**

————————————————————

Defendant, Bobby Lewis Parks, pled guilty to possession of 0.5 grams or more of cocaine with intent to sell or deliver. Pursuant to the plea agreement, Defendant attempted to reserve a certified question of law regarding the trial court's denial of his motion to suppress evidence found pursuant to a search warrant. Additionally, Defendant challenges the trial court's imposition of a thirty-year sentence. Based upon our review of the record, we conclude that Defendant failed to properly preserve his certified question of law and dismiss that portion of his appeal. In all other respects, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed in Part; Judgment of the**
**Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Joseph T. Howell, Jackson, Tennessee, for the appellant, Bobby Lewis Parks.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Jody Pickens, District Attorney General; and Shaun A. Brown and Matt Floyd, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

On February 14, 2017, officers with the Jackson-Madison County Metro Narcotics Unit executed a search warrant at Defendant's residence and found over 20 grams of crack cocaine in the living room, as well as a digital scale and close to $5000 in cash. Defendant admitted that everything found belonged to him and stated that he sold drugs

to pay his medical bills. As a result, Defendant was indicted for one count of possession of 0.5 grams or more of cocaine with intent to sell, one count of possession of 0.5 grams or more of cocaine with intent to deliver, and one count of possession of drug paraphernalia.

On June 29, 2018, Defendant filed a motion to suppress the evidence obtained during the search of his home, alleging that the affidavit in support of the search warrant did not establish probable cause. According to Defendant, the affidavit contained "broad and vague assertions," which "cast doubt on the reliability of the confidential informant's information" under the totality of the circumstances. The trial court held a hearing on the motion on July 24, 2018, at which the affidavit was entered as an exhibit,[1] but no witnesses testified. Reading the affidavit, the trial court found that the officer applying for the warrant had received "information from a reliable confidential informant that there was crack cocaine being sold at that residence within the past 72 hours." The affidavit also identified Defendant as the person possessing and selling the cocaine and stated that the confidential informant had provided information determined to be reliable in the past. The trial court found that the affidavit showed the informant's basis of knowledge and reliability. The trial court concluded that "the affidavit clearly shows enough information under the totality of the circumstances to establish probable cause for the issuance of a warrant" and denied the motion to suppress.

That same day, Defendant pled guilty without an agreed-upon sentence to the merged count of possession of 0.5 grams or more of cocaine with intent to sell or deliver, and the possession of drug paraphernalia count was dismissed.[2] As part of the guilty plea agreement, Defendant was to reserve a certified question of law regarding the denial of his motion to suppress. On September 13, 2018, the trial court entered an agreed order setting forth the following:

> This matter came to be heard [o]n this the 12th day of September, 2018[,] upon agreement of the parties to allow the Defendant to reserve and pursue a certified question of law as to the denial of his motion to suppress the search of his residence on or about February 14, 2017, at the time the sentence imposed in this cause. After reviewing the motion and hearing statements from appointed counsel for the Defendant and counsel for the State, and reviewing the record as a whole, it appears that it would be appropriate to allow the [D]efendant the opportunity to seek appellate

---

[1] Neither the affidavit nor the warrant is included in the record on appeal.

[2] As part of the same guilty plea, Defendant also pled guilty to sale of cocaine in three other cases, and those sentences were run concurrently with his sentence in this case. *See State v. Bobby Lewis Parks*, No. W2018-01761-CCA-R3-CD, 2019 WL 3412321 (Tenn. Crim. App. July 29, 2019), *no perm. app. filed*.

review of the preserved certified question of law and any sentence imposed before the Tennessee Court of Criminal Appeals.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that the Defendant shall be granted the opportunity to preserve a certified question of law as to the denial of his motion to suppress in which he asserted that the affidavit and search warrant lacked sufficient probable cause to sustain the search of his residence on or about February 14, 2017, which was heard on or about July 23, 2018, at which time the Court found that there was sufficient probable cause to sustain the search warrant and further appeal any sentence imposed to the Tennessee Court of Criminal Appeals.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that this Order shall be incorporated by reference with the Judgements entered in this cause.

At the sentencing hearing, the State entered into evidence the presentence report, which indicated that Defendant had eight prior felony convictions and fourteen prior misdemeanor convictions since 1992, the majority of which were drug-related. Defendant made an allocution, apologizing to the court and his family. Defendant stated that he had been diagnosed with congestive heart failure and was given five years to live. Defendant stated that he reverted to selling drugs because he did not have any money after getting out of prison.

The trial court considered the "nature and characteristics of the criminal conduct involved which [are] very serious matters because they involve sell [sic] of illegal drugs" as well as Defendant's "pretty significant history of selling drugs." The trial court found that Defendant was a career offender and noted that there were "really not a lot of sentencing alternatives in this matter" due to his criminal history. As an enhancement factor, the trial court found that Defendant had a history of criminal convictions or behavior in addition to that necessary to establish his status as a career offender, including Defendant's admission of using both cocaine and marijuana for over 25 years. The trial court also found that Defendant had failed to comply with the conditions of a sentence involving release into the community "on at least seven occasions" by committing new offenses while on probation or parole. The trial court found that Defendant had previously been adjudicated delinquent as a juvenile for an act that would constitute a felony if committed by an adult. As for mitigating factors, the trial court found that Defendant's conduct did not cause or threaten serious bodily injury and that Defendant accepted responsibility for his actions. The trial court acknowledged Defendant's health problems but stated that it "doesn't excuse him from violating the law."

The trial court sentenced Defendant as a career offender to thirty years to serve in the Tennessee Department of Correction. By the terms of the plea agreement, Defendant's sentence in this case was run concurrently with his sentences in the three other cases to which he had also pled guilty on July 24, 2018, but consecutively to a twelve-year sentence for which he was on parole at the time of the offense. The trial court found that Defendant was not eligible for any type of alternative sentencing. The judgment form for Count 1 incorporated by reference the separate agreed order in the "Special Conditions" box.[3]

Defendant filed a timely notice of appeal, challenging the trial court's denial of his motion to suppress and imposition of an excessive sentence.

*Analysis*

*I. Certified Question of Law*

Tennessee Rule of Criminal Procedure 37(b)(2)(A) allows for an appeal from any order or judgment on a conditional plea of guilty or nolo contendere if the defendant reserves, with the consent of the State and the trial court, the right to appeal a certified question of law that is dispositive of the case. To properly reserve a certified question, the following requirements must be met:

(i) the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;

(ii) the question of law as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved;

(iii) the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

(iv) the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case[.]

---

[3] Although the judgment form contains a box labeled "Pled Guilty – Certified Question Findings Incorporated by Reference," the box checked on the judgment form for Count 1 is the one labeled "Pled Guilty."

Tenn. R. Crim. P. 37(b)(2)(A).

In *State v. Preston*, the Tennessee Supreme Court detailed the requirements for certified questions of law:

> [T]he reasons relied upon by [the] defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. . . . Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on [the] defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

759 S.W.2d 647, 650 (Tenn. 1988). These requirements are mandatory in order to confer jurisdiction on an appellate court. *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996); *see also State v. Armstrong*, 126 S.W.3d 908, 912 (Tenn. 2003) (rejecting "substantial compliance" with the *Preston* requirements). The burden of properly "reserving, articulating, and identifying the issue" reserved for appellate review rests solely on the defendant. *Pendergrass*, 937 S.W.2d at 838. Failure to comply with these requirements results in a dismissal of the appeal. *State v. Bowery*, 189 S.W.3d 240, 245-46 (Tenn. Crim. App. 2004) (citing *Pendergrass*, 937 S.W.2d at 837).

In this case, there are several problems with Defendant's attempt to reserve a certified question of law. First, the agreed order entered by the trial court does not actually set out a question of law. Instead, it merely says "Defendant shall be granted the opportunity to preserve a certified question of law as to the denial of his motion to suppress in which he asserted that the affidavit and search warrant lacked sufficient probable cause to sustain the search of his residence[.]" "Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case." *Preston*, 759 S.W.2d at 650. Even if this statement implied "the scope and limits

of the legal issue reserved," it still would not meet the mandatory requirements of *Preston* and Tennessee Rule of Criminal Procedure 37(b)(2)(A). While the agreed order indicates that Defendant had the consent of the State and the trial court to reserve a certified question, it does not indicate that all of the parties "are of the opinion that the certified question is dispositive of the case." *See* Tenn. R. Crim. P. 37(b)(2)(A)(iv). Finally, even if Defendant had properly reserved a certified question of law regarding the trial court's denial of his motion to suppress, he failed to include the search warrant and affidavit in the record on appeal, thereby waiving the issue. *See Preston*, 759 S.W.2d at 650 ("[T]he burden is on [the] defendant to see . . . that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified."); *see also State v. Ballard*, 855 S.W.2d 557, 560-61 (Tenn. 1993) ("Where the record is incomplete and does not contain . . . portions of the record upon which the party relies, an appellate court is precluded from considering the issue."). In the absence of an adequate record, this Court must presume that the trial court's ruling is correct. *State v. Richardson*, 875 S.W.2d 671, 674 (Tenn. Crim. App. 1993). Because Defendant failed to properly reserve his certified question of law, we dismiss this portion of his appeal.

## II. Sentencing

Separate from the ability to appeal a certified question of law, a defendant may appeal from a guilty plea if "the defendant seeks review of the sentence and there was no plea agreement under Rule 11(c)." Tenn. R. Crim. P. 37(b)(2)(B). Defendant argues that the trial court abused its discretion by imposing an excessive sentence of thirty years. The State responds that Defendant waived his argument by failing to support it with legal authority and, alternatively, that the trial court did not abuse its discretion by imposing the mandatory sentence for a career offender. We reject the State's contention that this issue is waived for lack of citations to legal authority because Defendant's brief appropriately cites the sentencing statutes and standard of review. *See* Tenn. R. App. P. 27(a)(7). However, Defendant does risk waiver of the issue by failing to make any argument as to how the trial court abused its discretion other than complaining that it "imposed essentially the harshest sentence available." *See* Tenn. R. Ct. Crim. App. 10(b) ("Issues which are not supported by argument . . . will be treated as waived in this court."). Regardless, we agree with the State that the trial court did not abuse its discretion.

When a defendant challenges the length of a within-range sentence, this Court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012). This presumption applies to "within-range sentencing decisions that reflect a proper application of the purposes and principles of the Sentencing Act." *Bise*, 380 S.W.3d at 707. A trial court abuses its discretion in sentencing when it "applie[s] an incorrect legal

standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *State v. Shuck*, 953 S.W.2d 662, 669 (Tenn. 1997) (citing *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996)). This Court will uphold the sentence "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Bise*, 380 S.W.3d at 709. The defendant bears the burden of proving that the sentence is improper. T.C.A. § 40-35-101, Sentencing Comm'n Cmts.; *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

To determine the appropriate range of punishment, the trial court must determine "whether the defendant is a mitigated, standard, persistent, career or repeat violent offender." T.C.A. § 40-35-210(c). The trial court must then select a specific sentence within that range by considering the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the defendant in his own behalf; and (8) the result of a validated risk and needs assessment. T.C.A. § 40-35-210(b). The weighing of various enhancement and mitigating factors is within the sound discretion of the trial court. *State v. Carter*, 254 S.W.3d 335, 345 (Tenn. 2008). The trial court should also consider the defendant's potential for rehabilitation or treatment. T.C.A. § 40-35-103(5); *see also Bise*, 380 S.W.3d at 697-98. Additionally, the sentence imposed "should be no greater than that deserved for the offense committed" and "should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." T.C.A. § 40-35-103(2), (4).

In this case, the trial court determined that Defendant was a career offender based on his five prior convictions for possession of cocaine and two prior convictions for aggravated assault. *See* T.C.A. § 40-35-108(a). Defendant does not challenge his status as a career offender. "A defendant who is found by the court beyond a reasonable doubt to be a career offender shall receive the maximum sentence within the applicable Range III." *Id*. at (c). The maximum Range III sentence for possession of 0.5 grams or more of cocaine with intent to sell or deliver, a Class B felony, is thirty years. *See* T.C.A. §§ 39-17-417(c)(1); 40-35-112(c)(2). This within-range sentence is entitled to a presumption of reasonableness. *Bise*, 380 S.W.3d at 707. Even though the trial court acknowledged that there were "really not a lot of sentencing alternatives in this matter" due to Defendant's status as a career offender, it still considered several enhancement and mitigating factors as well as the nature and circumstances of the offense. The trial court appropriately followed the purposes and principles of the Sentencing Act and did not abuse its

discretion in sentencing Defendant to the maximum sentence, which was mandatory based on Defendant's status as a career offender. Defendant is not entitled to relief.

*Conclusion*

Based on the foregoing, we dismiss the appeal with regard to Defendant's certified question of law and affirm the trial court's judgment with regard to Defendant's sentence.

_____
TIMOTHY L. EASTER, JUDGE